16777/PJB/CAT/ks

12-Person Jury

\* 5 0 0 6 8 8 1 2 \*
FILED
3/31/2021 9:44 AM
IRIS Y. MARTINEZ
Attorney ID # 35244
CIRCUIT CLERK
COOK COUNTY, IL

12777770

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DAVID N. BADAGLIACCO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2021L003398 |
| ) | |
| v. ) | |
| ) | |
| SAFARILAND, LLC, a Limited Liability ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT AT LAW AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, DAVID BADAGLIACCO, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, SAFARILAND, LLC., and allege as follows:

### GENERAL ALLEGATIONS

### NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiff, DAVID BADAGLIACCO against Defendant, SAFARILAND, LLC, a Limited Liability Company. This action arises out of an incident on April 16, 2019, wherein Plaintiff was negligently, willfully, and wantonly sprayed with pepper spray to his eyes and face by Defendant's agents and/or employees during a training course. As a result of this incident, Plaintiff suffered severe and permanent injuries.

### VENUE AND JURISDICTION

2. Plaintiff is an individual and citizen of the State of Illinois.

EXHIBIT A

3. Defendant conducted and continues to conduct business in the State of Illinois, including Cook County.

4. Plaintiff was employed with the Village of Skokie, County of Cook as a police officer and member of the SWAT team.

5. Defendant was hired by Plaintiff's employer after advertising to, negotiations with and, agreement to a contract for services to be performed in Illinois.

6. Cook County and its residents have an interest in determining the rights and well-being of its police officers as well as the interest in holding those accountable for harm caused to their officers.

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

7. On April 16th, 2019, Plaintiff was an employee and member of the Village of Skokie's Police Department and a member of the SWAT team.

8. Defendant manufactures, advertises, and sells for profit various equipment for military and police use, including Oleoresin Capsicum Aerosol Projectors, (hereinafter, "pepper spray"). Defendant also offers courses in exchange for monetary gain for the use and handling of such products, including pepper spray.

9. On or before April 16th, 2019, as a requirement of his employment, Plaintiff was ordered to participate and undergo a four-day (4) "Less Lethal" Instructor Training Course with 20-25 other police officers. At this course Plaintiff would receive instruction as to how to use and instruct other officers on the use of pepper spray.

10. The Training Course was organized, planned, managed, and conducted by Defendant, SAFARILAND, LLC., through its agents and/or employees.

11. Defendant represented, advertised, and held itself out to the public as having the requisite and necessary knowledge and skill to safely provide such training so as not to cause serious injury to the participants, including the Plaintiff.

12. On the aforesaid date, Defendant demanded all participants must be sprayed with pepper spray and then required to complete an obstacle course. Upon completion of the obstacle course, then and only then, would the Defendant provide any means for the Plaintiff to flush the pepper spray previously sprayed by the Defendant and their agents and/or employees.

13. Defendant only provided Plaintiff with a garden hose to flush his eyes and face of the pepper spray. Plaintiff was only allowed one minute to flush his eyes and face. He was required to share the hose with the other participants.

## COUNT I - SAFARILAND, LLC

### (Negligence)

Now comes the Plaintiff, DAVID BADAGLIACCO, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, SAFARILAND, LLC.

14. Plaintiff hereby refers and incorporates by reference paragraphs 1-13 of the General Allegations into this cause of action against Defendant, SAFARILAND, LLC.

15. On April 16, 2019 and prior thereto, the Defendant, SAFARILAND, LLC., individually and by its agents and/or employees, had a duty to use ordinary care for the safety of its customers, including the Plaintiff, DAVID BADAGLIACCO.

16. Defendant, SAFARILAND, LLC., individually and through its agents and/or employees, breached its duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Carelessly and negligently sprayed Plaintiff with pepper spray;

b. Carelessly and negligently exposed Plaintiff to pepper spray for no legitimate instructive purpose;

c. Carelessly and negligently exposed Plaintiff to an unnecessary, dangerous, and harmful amount of pepper spray;

d. Carelessly and negligently exposed Plaintiff to pepper spray for a period of time without the opportunity to flush such from his eyes and face;

e. Carelessly and negligently failed to provide Plaintiff with a wash station and/or proper equipment to flush the pepper spray from his eyes and face;

f. Carelessly and negligently exposed Plaintiff to pepper spray without sufficient time to properly flush the pepper spray from his eyes and face;

g. Failed to properly train or qualify its agents and/or employees to have the requisite knowledge or to appreciate the effects of spraying a police officer with pepper spray;

h. Failed to properly train or qualify its agents and/or employees on safe practices and procedures related to safely instructing the effects and ramifications of pepper spray;

i. Failed to properly train or qualify its agents and/or employees on safe practices and procedures related to safely spraying an amount of pepper spray without causing serious harm;

j. Failed to properly train or qualify its agents and/or employees on safe practices and procedures on how to provide appropriate wash stations or any other effective means to safely flush pepper spray;

k. Failed to properly train or qualify its agents and/or employees relating to safe practices and procedures for the requisite time and methodology to flush pepper spray;

l. Failed to appreciate the exposure to pepper spray was not required for police officers to understand its intended use/effects; and/or

m. Failed to provide any alternatives for instruction for participants to understand the effects of pepper spray without putting the participates in danger and/or causing severe, permanent harm.

4

17. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, SAFARILAND, LLC, individually and through its agents and/or employees, the Plaintiff sustained severe and permanent injuries, both externally and internally, including, but not limited to, the destruction of his cornea and the necessity to undergo multiple surgeries as a result. Plaintiff was hindered and prevented from attending to his usual duties and affairs as a police officer and lost the value of that time. The Plaintiff further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, DAVID BADAGLIACCO, demands judgment against the Defendant, SAFARILAND, LLC., in a dollar amount to satisfy the jurisdictional requirements of this Court and such additional amounts as the jury and the Court shall deem proper, and additional costs of said suit.

## COUNT II - SAFARILAND, LLC

### (Willful and Wanton Behavior)

Now comes the Plaintiff, DAVID BADAGLIACCO, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, SAFARILAND, LLC.

18. Plaintiff hereby refers and incorporates by reference paragraphs 1-13 of the General Allegations into this cause of action against Defendant, SAFARILAND, LLC.

19. At the aforementioned time and prior thereto, the Defendant, SAFARILAND, LLC., individually and by its agents and/or employees, had a duty to refrain from willfully and wantonly acting and conducting its business in a manner that consciously disregarded the safety of others, including the Plaintiff.

20. Defendant represented, advertised, and held itself out to the public as an entity that understood and appreciated the use and dangers of pepper spray and other less-lethal actions.

21. Defendant knew and represented that after a person was sprayed with pepper spray, they should be able to "wash for 15 minutes with clean potable water".

22. Despite its knowledge of the effects of pepper spray, with a conscious disregard for Plaintiff's safety, through its agents and/or employees, sprayed Plaintiff in his eyes and face with pepper spray.

23. The Defendant, SAFARILAND, LLC., individually and through its agents and/or employees was then and there guilty of one or more of the following willful and wanton acts and/or omissions that were knowingly carried out in conscious regard for the safety of the Plaintiff:

    a. Willfully, wantonly and with conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff with pepper spray;

    b. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff in the eyes and face with pepper spray with no instructive purpose;

    c. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff in the face and eyes with a quantity of pepper spray that was more than what was required for an instructive purpose;

    d. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, demanded Plaintiff complete an obstacle course while experiencing the effects of the pepper spray;

    e. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, refused and prevented Plaintiff to flush his eyes and face;

    f. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to take into consideration and appreciate the necessity of the instructive purpose of spraying a police officer with pepper spray;

g. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to provide the necessary and effective means to flush pepper spray from his eyes and face despite its knowledge of its own and/or recognized guidelines and standards;

h. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, prevented Plaintiff from having sufficient time to effectively flush the pepper spray from his eyes and face despite its knowledge of its own and/or recognized guidelines and standards;

i. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, prevented him from immediately seeking the necessary medical care to flush the pepper spray from his eyes and face, despite its knowledge of its own and/or recognized guidelines and standards;

j. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to train or qualify its agents and/or employees how to safely instruct the effects of pepper spray;

k. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to train or qualify its agents and/or employees as to how to remediate the effects of pepper spray; and/or

l. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, knowingly violated OSHA standards which required sufficient time to flush pepper spray after being exposed to such.

24. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of the Defendant, SAFARILAND, LLC., individually and through its agents and/or employees, the Plaintiff sustained severe and permanent injuries, both externally and internally, including, but not limited to, the destruction of his cornea and the necessity to undergo multiple surgeries as a result. Plaintiff was hindered and prevented from attending to his usual duties and affairs as a police officer and lost the value of that time. The Plaintiff further expended

and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, DAVID BADAGLIACCO, demands judgment against the Defendant, SAFARILAND, LLC., in a dollar amount to satisfy the jurisdictional requirements of this Court and such additional amounts as the jury and the Court shall deem proper, and additional costs of said suit.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

By: */s/ Patrick J. Blum*
Attorneys for the Plaintiff

Patrick J. Blum
Charles A. Terry
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 North Clark Street, Suite 2100
Chicago, IL 60601
Tel: (312) 372-3822
Fax: (312) 372-3833