**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID N. BADAGLIACCO, | ) | |
| | ) | |
| Plaintiff, | ) | Federal Court No: 1:21-cv-2424 |
| v. | ) | |
| | ) | Honorable Judge Thomas M. Durkin |
| SAFARILAND, LLC, a Limited Liability | ) | |
| Company, | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, Defendant Safariland, LLC by and through its counsel Patton & Ryan, LLC and for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

## GENERAL ALLEGATIONS

## NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiff, DAVID BADAGLIACCO against Defendant, SAFARILAND, LLC, a Limited Liability Company. This action arises out of an incident on April 16, 2019, wherein Plaintiff was negligently, willfully, and wantonly sprayed with pepper spray to his eyes and face by Defendant's agents and/or employees during a training course. As a result of this incident, Plaintiff suffered severe and permanent injuries.

**ANSWER: Defendant states only that Plaintiff's Complaint at Law speaks for itself. Defendant denies the remaining allegations of Paragraph 1 of Plaintiff's Complaint at Law.**

## VENUE AND JURISDICTION

2. Plaintiff is an individual and citizen of the State of Illinois.

**ANSWER:** **Defendant admits to the allegation of Paragraph 2 of Plaintiff's Complaint at Law.**

3. Defendant conducted and continues to conduct business in the State of Illinois, including

   Cook County.

**ANSWER:** **Defendant admits to the allegations of Paragraph 3 of Plaintiff's Complaint at law.**

4. Plaintiff was employed with the Village of Skokie, County of Cook as a police officer and

   member of the SWAT team.

**ANSWER:** **Defendant admits that Plaintiff was employed with the Village of Skokie, County of Cook as a police officer. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 4 of Plaintiff's Complaint at Law.**

5. Defendant was hired by Plaintiff's employer after advertising to, negotiations with and,

   agreement to a contract for services to be performed in Illinois.

**ANSWER:** **Defendant admits that it contracted to provide certain services with Plaintiff's employer that were to be performed in Illinois. Defendant denies the remaining allegations of Paragraph 5 of Plaintiff's Complaint at Law.**

6. Cook County and its residents have an interest in determining the rights and well- being of

   its police officers as well as the interest in holding those accountable for harm caused to

   their officers.

**ANSWER:** **Defendant lacks sufficient knowledge or information about Cook County and each of its residents to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6 of Plaintiff's Complaint at Law.**

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

7. On April 16, 2019, Plaintiff was an employee and member of the Village of Skokie's Police

   Department and a member of the SWAT team.

**ANSWER:** **Defendant admits that on April 16, 2019, Plaintiff was an employee and member of the Village of Skokie's Police Department. Defendant lacks sufficient knowledge or**

information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7 of Plaintiff's Complaint at Law.

8. Defendant manufactures, advertises, and sells for profit various equipment for military and police use, including Oleoresin Capsicum Aerosol Projectors, (hereinafter, "pepper spray"). Defendant also offers courses in exchange for monetary gain for the use and handling of such products, including pepper spray.

**ANSWER: Defendant admits to the allegations of Paragraph 8 of Plaintiff's Complaint at Law.**

9. On or before April 16, 2019, as a requirement of his employment, Plaintiff was ordered to participate and undergo a four-day (4) "Less Lethal" Instructor Training Course with 20-25 other police officers. At this course Plaintiff would receive instruction as to how to use and instruct other officers on the use of pepper spray.

**ANSWER: Defendant admits that at the four-day (4) "Less Lethal" Instructor Training Course, Plaintiff would receive instruction as to how to use and instruct other officers to use pepper spray. Defendant further admits that 20 other individuals attended the course. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint at Law.**

10. The Training Course was organized, planned, managed, and conducted by Defendant, SAFARILAND, LLC., through its agents and/or employees.

**ANSWER: Defendant admits that it conducted the Training Course. Defendant denies the remaining allegations of Paragraph 10 of Plaintiff's Complaint at Law.**

11. Defendant represented, advertised, and held itself out to the public as having the requisite and necessary knowledge and skill to safely provide such training so as not to cause serious injury to the participants, including the Plaintiff.

**ANSWER: Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint at Law.**

12. On the aforesaid date, Defendant demanded all participants must be sprayed with pepper spray and then required to complete an obstacle course. Upon completion of the obstacle

3

course, then and only then, would the Defendant provide any means for the Plaintiff to flush the pepper spray previously sprayed by the Defendant and their agents and/or employees.

**ANSWER: Defendant admits only that each participant must be exposed to pepper spray as part of the course, unless they attended a previous course and were exposed to pepper spray. Defendant further admits only that it assisted each participant with decontamination following exposure. Defendant denies the remaining allegations of Paragraph 12 of Plaintiff's Complaint at Law.**

13. Defendant only provided Plaintiff with a garden hose to flush his eyes and face of the pepper spray. Plaintiff was only allowed one minute to flush his eyes and face. He was required to share the hose with the other participants.

**ANSWER: Defendant admits only that it assisted Plaintiff with decontamination following exposure. Defendant denies the remaining allegations of Paragraph 13 of Plaintiff's Complaint at Law.**

## COUNT 1-SAFARILAND, LLC

### (Negligence)

14. Plaintiff hereby refers and incorporates by reference paragraphs 1-13 of the General Allegations into this cause of action against Defendant, SAFARILAND, LLC.

**ANSWER: Defendant hereby refers to and incorporates by reference its answers to its Paragraphs 1-13 of the General Allegations as its Answer to Paragraph 14 of Count I of Plaintiff's Complaint at Law.**

15. On April 16, 2019 and prior thereto, the Defendant, SAFARILAND, LLC., individually and by its agents and/or employees, had a duty to use ordinary care for the safety of its customers, including the Plaintiff, DAVID BADAGLIACCO.

**ANSWER: Defendant admits to only those duties imposed upon it by operation of Illinois law. Defendant, therefore, denies the allegations of Paragraph 15 of Count I of Plaintiff's Complaint at Law.**

16. Defendant, SAFARILAND, LLC., individually and through its agents and/or employees, breached its duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Carelessly and negligently sprayed Plaintiff with pepper spray;
   b. Carelessly and negligently exposed Plaintiff to pepper spray for no legitimate instructive purpose;
   c. Carelessly and negligently exposed Plaintiff to an unnecessary, dangerous, and harmful amount of pepper spray;
   d. Carelessly and negligently exposed Plaintiff to pepper spray for a period of time without the opportunity to flush such from his eyes and face;
   e. Carelessly and negligently failed to provide Plaintiff with a wash station and/or proper equipment to flush the pepper spray from his eyes and face;
   f. Carelessly and negligently exposed Plaintiff to pepper spray without sufficient time to properly flush the pepper spray from his eyes and face;
   g. Failed to properly train or qualify its agents and/or employees to have the requisite knowledge or to appreciate the effects of spraying a police officer with pepper spray;
   h. Failed to properly train or qualify its agents and/or employees on safe practices and procedures related to safely instructing the effects and ramifications of pepper spray;
   i. Failed to properly train or qualify its agents and/or employees on safe practices and procedures related to safely spraying an amount of pepper spray without causing serious harm;
   j. Failed to properly train or qualify its agents and/or employees on safe practices and procedures on how to provide appropriate wash stations or any other effective means to safely flush pepper spray;
   k. Failed to properly train or qualify its agents and/or employees relating to safe practices and procedures for the requisite time and methodology to flush pepper spray;
   l. Failed to appreciate the exposure to pepper spray was not required for police officers to understand its intended use/effects; and/or
   m. Failed to provide any alternatives for instruction for participants to understand the effects of pepper spray without putting the participates in danger and/or causing severe, permanent harm.

**ANSWER: Defendant denies the allegations of Paragraph 16 of Count I of Plaintiff's Complaint at Law.**

17. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, SAFARILAND, LLC, individually and through its agents and/or employees, the Plaintiff sustained severe and permanent injuries, both

externally and internally, including, but not limited to, the destruction of his cornea and the necessity to undergo multiple surgeries as a result. Plaintiff was hindered and prevented from attending to his usual duties and affairs as a police officer and lost the value of that time. The Plaintiff further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER: Defendant denies the allegations of Paragraph 17 of Count I of Plaintiff's Complaint at Law.**

**WHEREFORE, Defendant Safariland, LLC hereby requests judgment in its favor and for any other relief that this Honorable Court deems just and equitable under the circumstances.**

<u>**COUNT II – SAFARILAND, LLC**</u>
<u>**(Willful and Wanton Behavior)**</u>

18. Plaintiff hereby refers and incorporates by reference paragraphs 1-13 of the General Allegations into this cause of action against Defendant, SAFARILAND, LLC.

**ANSWER: Defendant hereby refers to and incorporates by reference its answers to its Paragraphs 1-13 of the General Allegations as its Answer to Paragraph 18 of Plaintiff's Complaint at Law.**

19. At the aforementioned time and prior thereto, the Defendant, SAFARILAND, LLC., individually and by its agents and/or employees, had a duty to refrain from willfully and wantonly acting and conducting its business in a manner that consciously disregarded the safety of others, including the Plaintiff.

**ANSWER: Defendant admits to only those duties imposed upon it by operation of Illinois law. Defendant, therefore, denies the allegations of Paragraph 19 of Count I of Plaintiff's Complaint at Law.**

20. Defendant represented, advertised, and held itself out to the public as an entity that understood and appreciated the use and dangers of pepper spray and other less-lethal actions.

**ANSWER: Defendant denies the allegations of Paragraph 20 of Count II of Plaintiff's Complaint at Law.**

21. Defendant knew and represented that after a person was sprayed with pepper spray, they should be able to "wash for 15 minutes with clean potable water".

**ANSWER: Defendant denies the allegations of Paragraph 21 of Count II of Plaintiff's Complaint at Law.**

22. Despite its knowledge of the effects of pepper spray, with a conscious disregard for Plaintiff's safety, through its agents and/or employees, sprayed Plaintiff in his eyes and face with pepper spray.

**ANSWER: Defendant denies the allegations of Paragraph 22 of Count II of Plaintiff's Complaint at Law.**

23. The Defendant, SAFARILAND, LLC., individually and through its agents and/or employees was then and there guilty of one or more of the following willful and wanton acts and/or omissions that were knowingly carried out in conscious regard for the safety of the Plaintiff:

    a. Willfully, wantonly and with conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff with pepper spray;

    b. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff in the eyes and face with pepper spray with no instructive purpose;

    c. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, sprayed Plaintiff in the face and eyes with a quantity of pepper spray that was more than what was required for an instructive purpose;

    d. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, demanded Plaintiff complete an obstacle course while experiencing the effects of the pepper spray;

    e. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, refused and prevented Plaintiff to flush his eyes and face;

    f. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to take into consideration and appreciate the necessity of the instructive purpose of spraying a police officer with pepper spray;

    g. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to provide the necessary and effective means to

flush pepper spray from his eyes and face despite its knowledge of its own and/or recognized guidelines and standards;

h. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, prevented Plaintiff from having sufficient time to effectively flush the pepper spray from his eyes and face despite its knowledge of its own and/or recognized guidelines and standards;

i. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, prevented him from immediately seeking the necessary medical care to flush the pepper spray from his eyes and face, despite its knowledge of its own and/or recognized guidelines and standards;

j. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to train or qualify its agents and/or employees how to safely instruct the effects of pepper spray;

k. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, failed to train or qualify its agents and/or employees as to how to remediate the effects of pepper spray; and/or

l. Willfully, wantonly and with a conscious disregard for the safety and well-being of the Plaintiff, knowingly violated OSHA standards which required sufficient time to flush pepper spray after being exposed to such.

**ANSWER: Defendant denies the allegations of Paragraph 23 of Count II of Plaintiff's Complaint at Law.**

24. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of the Defendant, SAFARILAND, LLC., individually and through its agents and/or employees, the Plaintiff sustained severe and permanent injuries, both externally and internally, including, but not limited to, the destruction of his cornea and the necessity to undergo multiple surgeries as a result. Plaintiff was hindered and prevented from attending to his usual duties and affairs as a police officer and lost the value of that time. The Plaintiff further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER: Defendant denies the allegations of Paragraph 24 of Count II of Plaintiff's Complaint at Law.**

    **WHEREFORE, Defendant Safariland, LLC hereby requests judgment in its favor and for any other relief that this Honorable Court deems just and equitable under the circumstances.**

Respectfully Submitted,

By: */s/ Charles R. Vogt*
One of the attorneys for
Defendant Safariland, LLC

John W. Patton, Jr.
David F. Ryan
Charles R. Vogt
**PATTON & RYAN LLC**
330 North Wabash Avenue, Suite 3800
Chicago, Illinois 60611
Phone: (312) 261-5160
Fax: (312) 261-5161
dryan@pattonryan.com
cvogt@pattonryan.com

## **AFFIRMATIVE DEFENSES**

By asserting the matters set forth below, Defendant Safariland, LLC does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. For its affirmative defenses, Defendant states as follows:

### **FIRST AFFIRMATIVE DEFENSE**

In further answer and by way of an affirmative defense, Defendant states that whatever damages or injuries Plaintiff may have sustained were as a result of the negligence and carelessness of Plaintiff directly contributing thereto. Defendant hereby invokes the defense of comparative negligence and states that Plaintiff was comparatively negligent.

### **SECOND AFFIRMATIVE DEFENSE**

In further answer and by way of an affirmative defense, Defendant states that whatever damages or injuries Plaintiff may have sustained were as a result of the negligence and carelessness of third parties over which Defendant had neither control nor the right to control and such conduct bars or comparatively reduces any possible recovery by the Plaintiff against Defendant.

### **THIRD AFFIRMATIVE DEFENSE**

In further answer and by way of an affirmative defense, Plaintiff assumed the risk of the alleged danger referred to in Plaintiffs Complaint at Law because the risk of harm was not created by Defendant, but it is inherent in the activity which the Plaintiff agreed to participate in.

### **FOURTH AFFIRMATIVE DEFENSE**

In further answer and by way of an affirmative defense, Plaintiff assumed the risk of the alleged danger referred to in Plaintiffs Complaint at Law because he explicitly signed

a waiver of liability that releases Defendant from any liability for injuries caused during the training program.

## FIFTH AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states that any injuries Plaintiff may have suffered as a result of the subject products were solely or proximately caused by Plaintiff's employer's breach of a non-delegable duty to provide a safe working environment and safe and proper tools and equipment with which Plaintiff could perform any assigned task.

## SIXTH AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states that the conduct in which the Plaintiff alleges the Defendant engaged is not a proximate cause to the Plaintiffs injuries; instead, the conduct of other parties and non-parties is the sole proximate cause of said injuries.

## SEVENTH AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states, pursuant to the Illinois Joint Tortfeasor Contributions Act, 740 ILCS 100/1, *et seq.,* and the Illinois Code of Civil Procedure, 735 ILCS 5/2-608, that it is entitled to a set-off for any and all settlement and amounts recovered by Plaintiff for the injuries and damages alleged herein.

**WHEREFORE, Defendant Safariland, LLC hereby requests judgment in its favor and for any other relief that this Honorable Court deems just and equitable under the circumstances.**

Respectfully Submitted,

By: */s/ Charles R. Vogt*
One of the attorneys for
Defendant Safariland, LLC

John W. Patton, Jr.
David F. Ryan
Charles R. Vogt

11

**PATTON & RYAN LLC**
330 North Wabash Avenue, Suite 3800
Chicago, Illinois 60611
Phone: (312) 261-5160
Fax: (312) 261-5161
jpatton@pattonryan.com
dryan@pattonryan.com
cvogt@pattonryan.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2021, I electronically filed **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint at Law**, with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**<u>Attorney for Plaintiff</u>**
Patrick J. Blum
ANSEI, OZMON, RODIN, NOVAK, KOHEN, LTD
161 North Clark Street, Suite 2100
Chicago, IL 60601
P: (312) 372-3822
F: (312) 372-3833

Respectfully Submitted,

By:     */s/ Charles R. Vogt*
        One of the attorneys for
        Defendant Safariland, LLC

John W. Patton, Jr.
David F. Ryan
Charles R. Vogt
PATTON & RYAN LLC
330 North Wabash Avenue, Suite 3800
Chicago, Illinois 60611
Phone: (312) 261-5160
Fax: (312) 261-5161
jpatton@pattonryan.com
dryan@pattonryan.com
cvogt@pattonryan.com