**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID N. BADAGLIACCO, )
)
    Plaintiff, )
)
        v. ) No. 1:21-cv-2424
)
SAFARILAND, LLC, a Limited Liability ) Honorable Thomas M. Durkin
Company, )
) Magistrate Judge Beth W. Jantz
    Defendant. )

**SAFARILAND, LLC'S MOTIONS IN LIMINE NOS. 1 to 22**

NOW COMES Defendant SAFARILAND, LLC ("Defendant" or "Safariland"), by and

through its attorneys, Joseph B. Carini, III, and Ava L. Caffarini of JOHNSON & BELL, LTD., and

prior to the empaneling of the jury and before opening statements, move this Honorable Court for

the entry of an order, *in limine*, prohibiting the Plaintiff, DAVID BADAGLIACCO, or any party

herein from arguing about or introducing evidence about the following Motions *in limine* #1-22

and in support hereof states as follows:

**MOTION IN LIMINE NO. 1 – Unsupported Theories of Liability**

Plaintiff should be barred from introducing evidence, testimony, or argument concerning

any theory of liability that is unsupported by the evidence in this case. This Court's summary

judgment ruling defines the scope of Plaintiff's actionable claims as arising from (a) Safariland's

failure to provide a water source designed for simultaneous decontamination by multiple course

participants; and (b) Safariland's alleged knowledge that the subject decontamination station was

deficient. See Memorandum Opinion and Order, attached as **Exhibit A**, p. 6. This Court's summary

judgment ruling also noted that Plaintiff's theories against Safariland concerning the manner in

which Safariland exposed him to pepper spray are unsupported by evidence. Ex. A, pp. 5-6. For

1

this reason alone, this Court should bar Plaintiff from introducing any evidence, testimony, or argument concerning that and any other unsupported claims.

This Court's observations concerning Badagliacco's exposure-based claims are accurate. This case involves the proper decontamination method from OC spray exposure occurring within the context of a police tactical training course. This requires an expert witness with knowledge of decontamination stations used during police tactical training courses. *See Carlson v. Tactical Energetic Entry Systems,* LLC, No. 14-cv-248-wmc, 2015 U.S. Dist. LEXIS 83117, at *16-19 (W.D. Wis. June 26, 2015) (holding that expert testimony was necessary in a personal injury claim arising during police tactical training course because the tactical technique at issue fell outside of a lay juror's knowledge and comprehension). *See also Colburn v. Mario Tricoci Hair Salons & Day Spas, Inc.,* 2012 IL App (2d) 110624, ¶ 37.

Like the police tactical training course in *Carlson*, OC spray training courses are outside of the experience of an ordinary juror and thus require expert testimony to establish the standard of care. However, Paragraphs 16(a), (b), (c), (g), (h), (i), (j), (k), (l), and (m) of the Complaint have no evidentiary support and are not supported by any expert witness testimony. *Compare* Complaint, attached as **Exhibit B**, pp. 3-4, ¶16; *with* Plaintiff's Rule 26(a) Disclosures, attached as **Exhibit C**. *See also* Deposition transcript of Patrick Schuerman, attached as **Exhibit D**.

Further, Plaintiff's OSHA expert, Patrick Schuerman, has no experience in police tactical training courses with OC spray exposures or decontamination from OC spray exposures. Exhibit D, pp 10-11. Rather, Schuerman's expertise is limited solely to OSHA enforcement. While he is qualified to opine on whether the decontamination station met OSHA requirements, he is not qualified to offer any other opinions concerning decontamination practices within the police tactical training industry.

Plaintiff should be barred from introducing any evidence, testimony, or argument that Safariland breached any duty it owed to Plaintiff based upon the aforementioned unsupported allegations of the Complaint.

Granted _____     Denied_____     Reserved_____     Withdrawn_____

**MOTION IN LIMINE NO. 2 – Educational Malpractice**

Plaintiff must be barred from making any argument, or introducing any evidence or testimony, that would support a claim for what is essentially educational malpractice against Safariland because such a claim is not actionable under Illinois law. Illinois law does not recognize educational malpractice as a cognizable claim. *Waugh v. Morgan Stanley & Co.,* 2012 IL App (1st) 102653, ¶¶ 40, 42 *citing Ross v. Creighton University,* 957 F. 2d 410, 415 (7th Cir. 1992). "If a claim raises questions about the reasonableness of an educator's conduct in providing educational services ... it is a claim for educational malpractice." *Id.* at ¶ 28. "Where the court is asked to evaluate the course of instruction or the soundness of the method of teaching that has been adopted by an educational institution, the claim is one of educational malpractice." *Id.* Claims in which the student alleges that the school negligently supervised his training are a variety of educational malpractice. *Id.* at ¶ 29. "If the duty alleged to have been breached is the duty to educate effectively, the claim is one of educational malpractice." *Id.*

To the extent that Plaintiff's claims against Safariland focus on the pedagogical approach of Safariland in administering its Less Lethal course – the course design, the sufficiency of Safariland's instructional materials, Safariland's training and oversight of Cox as an instructor, the decision to expose police officers to OC spray as part of the training course, the topics covered in the course, the construction and execution of the OC obstacle course exercise, and Safariland's expectations as to the course material that Cox would cover during the Less Lethal course – these claims allege educational malpractice. Likewise, Plaintiff's claims against Safariland concerning

3

Cox's conduct also focus on Cox's pedagogical methods, such as Cox's presentation of the instructional material, Cox's emphasis of certain parts of the instructional materials over other parts, Cox's understanding of the slides used during the course lecture, the decontamination method that Cox recommended, and the method in which Cox administered the OC spray exposure, and thus also allege educational malpractice. In fact, the bulk of the testimony in this case from Cox, Dubay, Kappler, Badagliacco, and Orchard concerns the quality of the instruction offered by Safariland and Cox. As educational malpractice is not a cognizable cause of action under Illinois law, this evidence and testimony should not be presented to the jury to support Plaintiff's claim because it will allow plaintiff to assert educational malpractice without a right to do so.

The aforementioned evidence and testimony is not relevant to the question of whether Safariland was negligent in its provision of the decontamination station in this case. Likewise, Plaintiff should be prohibited from soliciting testimony from any witness, including but not limited to Cox, DuBay, and Kappler, concerning the Safariland course presentation and instructional materials in an effort to assert that deviation from same amounts to negligence. As such, the aforementioned evidence, testimony, and arguments should be barred at trial.

Granted \_\_\_\_\_      Denied\_\_\_\_\_      Reserved\_\_\_\_\_      Withdrawn\_\_\_\_\_

### <u>MOTION IN LIMINE NO. 3 – Standard of Care Issues</u>

Plaintiff should be barred introducing evidence and testimony concerning Safariland's course documents to establish the standard of care for tactical police training using OC spray and for decontamination from OC spray exposure. Under Illinois law, an internal rule or policy cannot create a legally binding duty independent of the common law. *Tafoya-Cruz v. Temperance Beer Co.*, 2020 IL App. 1st 190606, ¶72. The concern is that turning training materials into a legal duty could have the perverse effect of punishing a company for adopting policies and discourage self-

regulation. *Id.* at ¶75. *See also Hawthorne v. Lavinder*, 72 Va. Cir. 375, 378 (Cir. Ct. 2006) (holding that police training materials are internal rules that cannot be used to establish the standard of care).

Plaintiff should be prohibited from attempting to establish the standard of care for the pacing of the course, the proper construction of an OC course, the proper method to administer an OC spray, the construction of proper decontamination stations, appropriate decontamination methods, and other issues, by showing the jury Safariland's training materials from the Less Lethal course. These training materials are internal policies of Safariland that cannot be used to establish the standard of care. Again, this is a negligence case concerning decontamination from OC spray exposure during an OC spray course. Plaintiff must establish the standard of care through expert testimony. As such, Plaintiff should be barred from introducing evidence and testimony concerning the Safariland training materials to establish the standard of care.

Plaintiff may also attempt to show the jury slides from the Safariland course materials containing images of a decontamination station made of PVC pipe in an effort to establish the standard of care for decontamination stations. However, Patrick Schuerman, plaintiff's OSHA expert, offers the opinion that the PVC pipe decontamination station does not meet the minimum standard for an approved eye wash station because the station did not allow both eyes to be washed at the same time and did not provide a sufficiently copious stream of water. Exhibit D, p. 152:L23-153:L3. Plaintiff cannot have it both ways. Plaintiff should not be allowed to rely upon the PVC pipe decontamination station from the Safariland course materials as proof of the standard of care, only to have his expert opine that the PVC pipe decontamination station is insufficient. As such, all testimony and evidence concerning the PVC pipe decontamination station from the Safariland materials should be barred at trial.

**Granted _____     Denied_____     Reserved_____     Withdrawn_____**

**MOTION IN LIMINE NO. 4 – Evidence Concerning the Hydraulic Needle Effect**

Plaintiff should be barred from introducing any testimony or evidence concerning the hydraulic needle effect at trial because it is irrelevant, is unsupported by the evidence and expert testimony, and will confuse the jury. Evidence is relevant if (a) it has any tendency to make a fact more or less probable; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Further, "when there is no obvious origin to an injury and it has multiple potential etiologies, expert testimony is necessary to establish causation." *Higgins v. Koch Development Corp.,* 794 F.3d 697, 703 (7th Cir. 2015).

Plaintiff should be prohibited from introducing testimony and evidence at trial concerning the hydraulic needle effect, including slides from the Safariland course materials concerning the hydraulic needle effect, because the hydraulic needle effect does not relate to any of the issues in the case nor arise from any disclosed opinions in this case. There is no evidence that Plaintiff's injury – acanthamoeba keratitis – is consistent with hydraulic needle effect. Further, the hydraulic needle effect is outside the scope of the knowledge of the average juror. This requires expert testimony to establish, which Plaintiff does not offer. Evidence and testimony concerning the hydraulic needle effect is irrelevant and will simply confuse the jury. All evidence and testimony discussing the hydraulic needle effect must be excluded from trial.

Granted __X__      Denied_____      Reserved_____      Withdrawn_____

**MOTION IN LIMINE NO. 5 – Speculative Expert Testimony**

Plaintiff's OSHA expert, Patrick Schuerman, offers several speculative opinions that are outside of his expertise that must be barred at trial. Rule 702 requires, *inter alia*, that expert testimony be based on sufficient facts or data and be the product of reliable principles and methods. *See Gopalratnam v. Hewlett-Packard Co.,* 877 F.3d 771, 778-79 (7th Cir. 2017) *citing* Fed. R. Evid. 702. Likewise, *Daubert* requires "the district court to act as an evidentiary gatekeeper,

6

ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Id.* at 779. To be admissible under *Daubert*, the expert's methodology must be scientifically reliable. *Id.* "Expert opinion that is speculative is inadmissible." *Loeffel Steel Products v. Delta Brands, Inc.,* 387 F. Supp. 2d 794, 817 (N.D. Ill. 2005).

Foremost, Plaintiff offers Schuerman as an OSHA expert for the purpose of opining as to OSHA's requirements for a proper decontamination station. Exhibit A, p. 7. Any opinion that Schuerman may provide that strays from OHSA's requirements for eye wash stations should be barred, as it is outside of Schuerman's area of expertise.

Moreover, there are also at least two opinions offered by Schuerman that are purely speculative. Schuerman opines that Cox was rushed in completing the exposure portion of course because he believes the drill should have taken 286 minutes to complete, but he estimates it only took one hour. Exhibit D, pp. 107-118. The basis of Schuerman's opinion, however, is not a reliable methodology, rather, it is speculation based solely on Schuerman's arbitrary time estimates as to how long the drill should have taken. These time estimates were invented by Schuerman. Specifically, Schuerman estimated that the fight-through drill should have taken three minutes, and that decontamination should have taken eight minutes, which means that each participant should have taken 11 minutes to complete the drill in full. Schuerman then estimated that it should have taken the entire class of 26 students 286 minutes to complete the course, because 26 multiplied by 11 is 286. However, Schuerman admitted at his deposition that this opinion is based solely on his own arbitrary time estimate. Schuerman offered no methodology for these time estimates at his deposition. This is because these estimates are not based on any facts in the record, or methodology, or technique; he arbitrarily chose these numbers.

Further, the length of time that the OC exposure training drill should have taken is a

standard of care opinion that should only be offered by a witness knowledgeable about OC spray training courses. Schuerman is not qualified to opine on the length of time that the exposure drill should have taken because he has no experience with OC exposure training courses. Exhibit D, p. 35:L8-38:L23. He is not an expert in OC spray exposures or training courses concerning OC spray exposures. He is not qualified to arbitrarily estimate the length of time the OC exposure should have taken.

Schuerman also opines that Badagliacco's injury occurred because Badagliacco did not remove his clothing after the exposure. Exhibit D, pp. 150:L13-151:L9. However, Schuerman offers no methodology for reaching this conclusion. Schuerman admitted that there are no facts in the record demonstrating that Badagliacco's eye injury was caused by his clothing. *Id.* Schuerman should be barred from offering the aforementioned opinions at trial because they are speculative and have no factual support.

**Granted** _____ **Denied** _____ **Reserved** _____ **Withdrawn** _____

## MOTION IN LIMINE NO. 6 – Lost Wages

Defendant respectfully moves the court to bar Plaintiff from offering evidence or testimony concerning lost wages pursuant to FRCP 37(c). FRCP 26(e)(2) imposes an automatic duty to supplement prior incomplete disclosures. *Scranton Gillette Communs., Inc. v. Dannhausen,* 1998 U.S. Dist. LEXIS 23261, at *2 (N.D. Ill. 1998). Failure to supplement results in the automatic and mandatory exclusion of the undisclosed evidence pursuant to FRCP 37(c). *Craig v. Cornerstone Trading Group, LLC,* 2025 U.S. Dist. LEXIS 207508, at *8 (S.D. Ind. 2025).

Here, Plaintiff denied that he was bringing a lost wage claim in his written discovery responses and produced no documents supporting such a claim. *See* Plaintiff's Response to Safariland, LLC's Requests to Produce, attached as **Exhibit E**, p. 2. It was not until recently, after fact discovery had closed, that Plaintiff first indicated that he intended to raise a lost wage claim

related to time missed from work while undergoing medical care and treatment. Plaintiff has produced no evidence supporting his lost wage claim. Plaintiff's failure to disclose this evidence prevented Defendant from conducting discovery into this issue. Evidence and testimony supporting Plaintiff's lost wage claim must be barred at trial.

Granted _____ Denied_____ Reserved_____ Withdrawn_____

### MOTION IN LIMINE NO. 7 – Insurance

Any and all arguments, statements, questions, testimony or evidence of any kind that makes reference, directly or indirectly, to the fact that Safariland is insured or makes any reference to liability insurance including questioning potential jurors about their relationships with insurance companies should be prohibited. Evidence that a defendant is insured against liability is not relevant to the issue of fault or negligence and is improper because it could be construed as an invitation to the jury to share the resources of the insurer with the Plaintiff regardless of the merits of the case. *Foster v. Lanciault,* 70 Ill. App. 3d 962, 965-967 (3rd Dist. 1979).

Granted __X__ Denied_____ Reserved_____ Withdrawn_____

### MOTION IN LIMINE NO. 8 – Mention of a Specific Dollar Figure During *Voir Dire*

Defendant expects that Plaintiff's counsel might inquire of potential jurors during *voir dire* whether the jurors are able to return a verdict amounting to a particular dollar figure. Such inquiries are improper, do not further the purpose of *voir dire*, and improperly indoctrinate potential jurors as to Plaintiff's theory of the case. *Juarez v. Commonwealth Medical Associates*, 318 Ill.App.3d 380, 388 (1st Dist. 2000). It is improper to allow a party to indoctrinate or pre-educate jurors as to a party's case or to allow a party to obtain a pledge as to how the jury might decide the case under a given set of facts or to allow a party to determine which party the jury might favor. *Rub v. Consolidated Rail Corp.*, 331 Ill.App.3d 692, 696 (1st Dist. 2002). Further, questions regarding

potential jurors' attitudes to a particular theory is an improper attempt to pre-educate and indoctrinate the jury. See *People v. Karim*, 367 Ill.App.3d 67, 92-93 (1st Dist. 2006).

**Granted __X__    Denied_____    Reserved_____    Withdrawn_____**

### MOTION IN LIMINE NO. 9 – That the Jury Put Itself in Plaintiff's Situation

Defendant requests that this Court enter an order specifically precluding Plaintiff from suggesting or inferring that the jury put itself in Plaintiff's situation. Under Illinois law, such argument is improper. *Brant v. Wabash R. Co.,* 31 Ill. App. 2d 337, 340 (1961). *Chankos v. Illinois State Toll Highway Authority*, 169 Ill.App.3d 1018, 1029, 524 N.E.2d 615 (1st Dist. 1988) ("Juries specifically should not be asked to put themselves in the places of the parties.").

**Granted __X__    Denied_____    Reserved_____    Withdrawn_____**

### MOTION IN LIMINE NO. 10 – Demonstrative Evidence

Plaintiff should be prohibited from attempting to show, reference, or mention demonstrative exhibits to the panel during *voir dire* and should be prohibited from attempting to show, reference or mention demonstrative exhibits to the jury during the trial without first revealing those exhibits to defense counsel so that any objections can be raised and the Court can rule on said objections.

**Granted __X__    Denied_____    Reserved_____    Withdrawn_____**

### MOTION IN LIMINE NO. 11 – Exclusion of Non-Party Witnesses

All non-party witnesses who may testify at trial in this matter must be excluded from the courtroom during any part of the trial except that portion during which they are called to testify. *In re Marriage of Kaplan*, 149 Ill. App. 3d 23, 29 (1st Dist. 1986).

**Granted __X__    Denied_____    Reserved_____    Withdrawn_____**

**MOTION IN LIMINE NO. 12 – Comments on Credibility**

Plaintiff should be barred from any and all questions or testimony from any witness, including any opinion witnesses, commenting on the credibility of Defendant or Defendant's employees or witnesses. Exhibit D, p. 100:L19-102:L24. The credibility of a witness is a matter for the jury to determine. *See* I.P.I. 1.01. It is not a proper subject of comment or opinion testimony by any witness, including Plaintiff's expert witnesses. *Dodson v. Shaw*, 113 Ill.App.3d 1063, 448 N.E.2d 188 (5th Dist. 1983); *see also* Cleary & Graham, *Handbook of Illinois Evidence*, §611.25 (7th ed.).

Granted __X__      Denied_____      Reserved_____      Withdrawn_____

**MOTION IN LIMINE NO. 13 – Undisclosed Opinions or Testimony**

Plaintiff should be barred from presenting any and all arguments, statements, questions, testimony or evidence of any kind that makes reference to, directly or indirectly, to any witness testimony, including opinion or expert witness testimony, not disclosed by the Plaintiff pursuant to Federal Rule of Civil Procedure 26.

Granted __X__      Denied_____      Reserved_____      Withdrawn_____

**MOTION IN LIMINE NO. 14 – Presentation of Medical Bills**

Plaintiff and any witness called by him should be barred from presenting or attempting to present or making any mention whatsoever of any medical bills for medical treatment of the Plaintiff without evidence that the same have been paid in full or that the costs were reasonable and necessary, absent any stipulation by the parties otherwise.

Granted __X__      Denied_____      Reserved_____      Withdrawn_____

**MOTION IN LIMINE NO. 15 – Deposition Transcripts for Impeachment**

Defendants move this Court to allow the use of discovery deposition transcripts for impeachment, without the necessity of calling the court reporter(s) to authenticate said transcripts.

Granted __X__     Denied_____     Reserved_____     Withdrawn_____

### MOTION IN LIMINE NO. 16 – Testimony on Pain and Suffering

Plaintiff should be barred from submitting any lay opinions, hearsay, or other evidence regarding his pain and suffering, except that which could be testified to by Plaintiff himself. *Lake St. Elevator R. Co. v. Shaw*, 203 Ill. 39, 43-44 (1903).

Granted __X__     Denied_____     Reserved_____     Withdrawn_____

### MOTION IN LIMINE NO. 17 – Non-Expert Medical Opinion

Plaintiff should be barred from testifying as to any opinions or hearsay evidence regarding any medical conditions, diagnoses, or medical opinions concerning his alleged injuries or any type of other medical condition which would be within the knowledge and scope of a treating physician.

Granted __X__     Denied_____     Reserved_____     Withdrawn_____

### MOTION IN LIMINE NO. 18 – Testimony on Negligence

Any and all witnesses of Plaintiff should be barred from testifying that any of the defendants were "negligent." It is well established that a lay witness may not testify to his opinion on an ultimate issue in a case. *Allen v. Yancy*, 57 Ill. App. 2d 50, 60 (1st Dist. 1965). The purpose of such a rule is to preserve the independence of the trier of fact.

Granted __X__     Denied_____     Reserved_____     Withdrawn_____

### MOTION IN LIMINE NO. 19 – Defendant's Choice of Witnesses

Plaintiff should be barred from arguing or implying that a Defendant is hiding evidence when choosing not to call a particular witness. Additionally, this Court should bar evidence and argument that if Defendant chooses to not call a witness outside of their control that this decision reflects poorly on their case or that the testimony of said witness would harm Defendant's case. *Cancio v. White,* 297 Ill.App.3d 422, 432 (1st Dist. 1998); *Rutledge v. St. Anne's Hosp.,* 230

Ill.App.3d 786, 791 (1st Dist. 1992). The First District Appellate Court has found that similar comments prejudice a jury's decision and constitute grounds for a new trial. *Id.*

Granted __X__ Denied_____ Reserved_____ Withdrawn_____

### MOTION IN LIMINE NO. 20 – Failure to Call Rebuttal Doctor

Defendant hereby moves this Court *in limine* for an Order barring Plaintiff, or his counsel, or any witness from making any remark, questions, inferences, innuendo, or testimony of any nature which refers to the fact that Defendant Safariland failed to call a rebuttal doctor, failed to have Plaintiff examined, or failed in any other way to provide rebuttal testimony or evidence, as such argument is an improper attempt to shift the burden of proof in this case to Safariland. Plaintiff has the burden of proof throughout the case and any attempt to infer otherwise is improper. *Moran v. Erickson*, 297 Ill.App.3d 342, 353 (1st Dist. 1998).

Granted __X__ Denied_____ Reserved_____ Withdrawn_____

### MOTION IN LIMINE NO. 21 – Personal Beliefs

Defendant moves this Court *in limine* for an Order barring all counsel from expressing their own personal belief on issues or to vouch for the credibility of witnesses. These comments are improper because they reflect what counsel believes instead of what the evidence shows. *Koonce by Koonce v. Pacilio*, 307 Ill. App. 3d 449, 457 (1st Dist. 1999).

Granted __X__ Denied_____ Reserved_____ Withdrawn_____

### MOTION IN LIMINE NO. 22 – Religion

Defendant hereby moves this Court *in limine* for an Order barring the Plaintiff, his attorneys, any witnesses called or questions on his/her behalf from testifying about, referring to, implying the existence of, or in any way alerting the jury or prospective jurors to the particular religion of the Plaintiff, or any witness as being irrelevant and potentially inflammatory.

Granted __X__ Denied_____ Reserved_____ Withdrawn_____

Date: April 20, 2026

Respectfully submitted,

JOHNSON & BELL, LTD.

s/ Joseph B. Carini, III
Joseph B. Carini, III
*Attorney for Defendant Safariland, LLC*

Joseph B. Carini III #6198227
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL  60603
Telephone:  312/372-0770
Fax:  312/372-9818
E-mail:  carinij@jbltd.com

## CERTIFICATE OF SERVICE

I do hereby certify that on January 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**s/ Joseph B. Carini, III**
Joseph B. Carini, III Bar Number:  6198227
Attorney for Defendant Safariland, LLC
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, IL  60603
Telephone:  312/372-0770
Fax:  312/372-9818
E-mail:  carinij@jbltd.com

14