IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID N. BADAGLIACCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-2424 |
| | ) | |
| SAFARILAND, LLC, a Limited Liability Company, | ) | Honorable Thomas M. Durkin |
| | ) | |
| | ) | Magistrate Judge Beth W. Jantz |
| Defendant. | ) | |

**SAFARILAND, LLC'S MOTION TO BAR PLAINTIFF FROM CIRCUMVENTING PREVIOUSLY ENTERED MOTIONS IN LIMINE NO. 13 – UNDISCLOSED OPINIONS OR TESTIMONY, AND NO. 14 – PRESENTATION OF MEDICAL BILLS**

NOW COMES Defendant SAFARILAND, LLC, by and through one of its attorneys, Joseph B. Carini, III and Ava L. Caffarini of Johnson & Bell, Ltd., and moves to bar Plaintiff from attempting to circumvent the orders barring parties from presenting any new opinions, arguments or questioning or testimony of their expert witness Patrick Schuerman in violation of *Motion in Limine* No. 13, and barring Plaintiff from attempting to present evidence of medical bills that have not been established to have been paid in+ full or have been established as being reasonable and necessary in violation of *Motion in Limine* No. 14.

**Regarding Previously Granted *Motion in Limine* 13**

On the afternoon of May 14, 2026, Plaintiff's counsel advised for the first time that they intend to ask their expert Patrick Schuerman to discuss paragraphs one and two of ANSI Standard Z358.1. In addition, they provided medical bills advising that they intend to introduce these bills as evidence at trial. (A copy of the e-mail correspondence reflecting this is attached hereto as Exhibit 1.) Defendant moves to bar Plaintiff from these last minute disclosures.

Pursuant to Court order, Plaintiff filed their Rule 26(a) disclosures on September 11, 2024. (See attached Exhibit 2.)  In the disclosures, Plaintiff identified liability expert Patrick Schuerman. Further, Plaintiff advised that Schuerman was disclosed as a construction site safety expert who was expected to testify as to all the subject matters, facts and opinions set forth in his report, which was attached as Exhibit A to the disclosure, and incorporated therein and his discovery deposition if taken.

In paragraph 9 of Mr. Schuerman's report he offered opinions based upon ANSI Section Z358.1 2014(R 2020) and specifically limited his disclosures opinions to Sections **5.14, 5.16, 5.17, 5.18 and 5.42**.

Mr. Schuerman also offered opinions related to OSHA 29 CFR 1910.151 (seq.) in paragraph 10 of his report.

Mr. Schuerman was deposed on November 13, 2024, and he was questioned extensively concerning his opinions in paragraphs 9 and 10. (A copy of Schuerman's deposition is attached as Exhibit 3.)  As related to paragraph 10 of his report, Mr. Schuerman testified at page 51, line 21 through page 52, line 22, of his deposition, that the premise of his opinions is that OSHA 1910.151(c) applied to any workplace where the employees at that workplace are exposed to "injurious corrosive materials."  (See page 51, line 15-20 of Schuerman's deposition, Exhibit 3.) Schuerman then explains that the same OSHA provision directs readers to ANSI Z358.1, which Schuerman considers best practices.  In his report and his deposition examination Mr. Schuerman specifically identified the standard contained in paragraph 9 and the specific paragraphs of ANSI supporting his opinions.  (See page 54 of Exhibit 3.)  At no time does the report or deposition testimony stray into any opinion, testimony or basis for opinion or testimony contained in paragraph one or two of the ANSI standard.

Paragraph 1 of the ANSI standard asserts under Scope that it applies to persons who have been exposed to "hazardous materials." This is a different standard than persons exposed to "injurious corrosive materials" as stated in Schuerman's report and deposition testimony. In fact, the word hazardous is contained nowhere in either Schuerman's report or deposition testimony.

On the eve of trial, Plaintiff should be prohibited from attempting to circumvent and/or supplement Schuerman's disclosures limiting his opinions relative to the application of ANSI Z358.1 to anything other than those situations in which a person may be exposed to "injurious corrosive materials." To allow him to change the standard now would be in violation of Federal Rules of Civil Procedure 26(a) and the previously granted *Motion in Limine* 13.

Rule 26 requires parties to supplement or correct disclosures in a timely manner. The purpose of Rule 26(e) is to "ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of 'supplement' to earlier disclosures." *See*, *Sonrai Sys., LLC v Romano*, 2025 Dist. Lexis 104045 (June 2, 2025), citing *Chi Joe's Tea Room LLC v. Village of Broadview*, 94 F. 4th 588, 602 (7th Cir. 2024). "When a party fails to provide information…as required by Rule 26(a) ..., that party is not allowed to use that information…to supply evidence …at a trial." *Id*. The sanction for failure to disclose is automatic and mandatory. *Id.* citing *Chi Joe's Tea Room* 94 F. 4th at 603.

Plaintiff's last-minute disclosure, to modify and add a basis purportedly supporting Mr. Schuerman's report and deposition testimony, should not be allowed one and a half business days prior to the commencement of trial, and in contradiction to *Motion in Limine* No. 13. Allowing this addition on the eve of trial would set a different standard of conduct in the case, and undermine the testimony already elicited. For these reasons, this late disclosure and use of paragraphs one and two of the ANSI standard should not be allowed.

### **Regarding Previously Granted *Motion in Limine* 14**

*Motion In Limine* No. 14 barred "Plaintiff and any witness called by him should be barred from presenting or attempting to present or making any mention whatsoever of any medical bills for medical treatment of the Plaintiff without evidence that the same have been paid in full or that the costs were reasonable and necessary, absent any stipulation by the parties otherwise."

Again, on May 14, 2026 Plaintiff provided medical bills to defense counsel to be marked as Exhibit 36, to his previously disclosed Exhibit List. Plaintiff's Rule 26 Disclosures have identified no medical expert that is going to opine on the reasonableness of the medical bills incurred by Plaintiff in this case. Rather, in Plaintiff's previous Rule 26 Disclosures, they assert that the Plaintiff himself will testify that his "bills have been paid." (See Exhibit 4, attached hereto.) Further, no doctor has testified to the reasonableness of medical bills incurred by Plaintiff. The bills that have been provided in the case are discounted, and there is no disclosure that would account for Plaintiff asserting that he can ascertain the amount of the bills paid, and whether they were the full bills or the discounted bills. Without additional basis, the testimony should be barred. See, *Adams v. Menard*, 221 U.S. Dist. Lexis 247038. In *Adams*, plaintiff sought to submit the fully satisfied bills without any additional evidence of reasonableness. The bills submitted there, like those proposed here, contain both full amounts of the bills and contractual adjustments made pursuant to worker's compensation payments made by plaintiff's employer. The *Adams* court noted that for a medical bill to be admissible into evidence, it must be established that the charges were reasonable.

In Illinois, a paid bill constitutes *prima facie* evidence of reasonableness. In a case in which the plaintiff seeks to admit a bill that has not been paid in whole or in part, he must establish reasonableness by other means – such as by introducing the testimony of someone having knowledge of the services rendered and the reasonable and customary charges for the services. *Adams v. Menard, Inc.*, 221 U.S. Dist. Lexis 247038 pg. 2 citing *Arthur v. Couture*, 216 Ill. 2d. 72, 81, 833 N.E.2d 847 (2005) and *Willis v. Foster*, 229 Ill. 2d 393, 414-415, 890 N.E.2d 1018 (2008). The problem here, like the problem in *Adams*, is that Plaintiff's medical bills presently provided show a billed amount from the provider, payment by the insurance carrier for a contractual amount less than the billed amount and an adjustment by the provider to reflect that the insurance payment satisfies the bill in full. Absent someone that can testify to the reasonableness of the bills, Plaintiff is not capable of setting forth that standard, and as such should not be allowed to offer evidence of the "bills being paid" as evidence of reasonableness.

Further, Plaintiff has disclosed two doctors in this case. Dr. Herz has already given his evidence deposition, and he was not asked about medical care and treatment or the reasonableness of bills and fees incurred. Dr. Djalilian similarly offers no opinions on the reasonableness of the bills or the charges incurred and, under Plaintiff's Rule 26(a) has not been disclosed to offer that opinion. (See Exhibit 4, and a copy of Dr. Djalilian's deposition testimony attached as Exhibit 5.)

WHEREFORE, as a result of his inability to offer testimony as to the reasonable and necessary value of the medical care, and the amounts of the bills actually paid, Plaintiff should be barred from circumventing the previously entered *Motion in Limine* No. 14.

5

Respectfully submitted,

JOHNSON & BELL, LTD.

BY: /s/ **Joseph B. Carini, III**

Joseph B. Carini, III
Attorney for Safariland, LLC

Joseph B. Carini, III Bar Number: 6198227
Ava L. Caffarini Bar Number: 6312461
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: 312/372-0770
Fax: 312/372-9818
E-mail: carinij@jbltd.com; caffarinia@jbltd.com

## CERTIFICATE OF SERVICE

I do hereby certify that on May 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**s/ Joseph B. Carini, III**
Joseph B. Carini, III Bar Number: 6198227
Attorney for Defendant Safariland, LLC
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: 312/372-0770
Fax: 312/372-9818
E-mail: carinij@jbltd.com

6